# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EVA OCHOA,

        Plaintiff,

  v.

FRANK BISIGNANO, Commissioner of Social Security[1]

        Defendant.

Case No.  1:25-cv-00509-JLT-EGC

**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED AND THE ACTION BE REMANDED TO THE COMMISSIONER FOR FURTHER PROCEEDINGS**

(Doc. 1)

14-DAY DEADLINE

_____/

## I.      INTRODUCTION

Plaintiff Eva Ochoa ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her deceased husband ("Claimant")'s applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"). (Doc. 1). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Erin E. Guy Castillo, United States Magistrate Judge.[2]

For the reasons set forth below, the undersigned recommends that Plaintiff's motion for summary judgment be granted and that the action be remanded to the Commissioner for further

---

[1] On May 7, 2025, Frank Bisignano was named Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html.  He is therefore substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

[2] The matter is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Cal. Local Rule 302.

proceedings.

## II.    BACKGROUND

Claimant was born in 1970. (Administrative Record ("AR") 285). He completed sixth grade. (AR 37). Claimant filed applications for DIB and SSI, alleging Claimant became disabled on January 1, 2011, later amended to May 7, 2018. (AR 283–92, 860).

### A.    Relevant Evidence of Record[3]

The medical evidence of record includes various medical records (*e.g.* treatment records, physical exams) from both before and after the onset date, (*see*, *e.g.*, AR 484–850, 1130–50), and medical source statements from State agency consultants and physicians, (AR 66–67, 77–79).

### B.    Administrative Proceedings

The Commissioner denied Claimant's application for benefits initially on July 2, 2018, and again on reconsideration on August 14, 2018. (AR 59–83). Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 113). The ALJ conducted a hearing on February 2, 2021. (AR 31–46). Plaintiff appeared at the hearing with her attorney and testified as to Claimant's alleged disabling conditions and work history. (AR 37–42).

A Vocational Expert ("VE") also testified at the hearing. (AR 43–46).

### C.    The ALJ's Decision

In a decision dated February 23, 2021, the ALJ found that Claimant was not disabled. (AR 12–30). The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 17–24). The ALJ decided that Claimant had not engaged in substantial gainful activity since May 7, 2018. (AR 17). At step two, the ALJ found Claimant's following impairments to be severe: schizoaffective disorder; posttraumatic stress disorder (PTSD); and obesity. (AR 17–18). The ALJ then determined that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 18–19).

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

The ALJ assessed Claimant's residual functional capacity (RFC)[4] and applied the assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Claimant had the following RFC:

> [T]o perform light work as defined in 20 CFR 416.967(b) except he was able to understand, remember, and carry out only simple instructions that could have been learned in 30 days or less and he was able to sustain concentration, persistence, and pace to those simple instructions for two-hour intervals with normal breaks.

(AR 19; *see also id.* 19–22). Although the ALJ recognized that Claimant's impairments "could reasonably be expected to cause the alleged symptoms," the ALJ rejected Plaintiff's subjective testimony as to "the intensity, persistence and limiting effects of these symptoms" as being "not entirely consistent with the medical evidence and other evidence in the record." (AR 20).

The ALJ then determined that Claimant had no past work relevant experience (step four) but that, given Claimant's RFC, Claimant could perform a significant number of jobs in the national economy (step five). (AR 23–24). In making this determination, the ALJ relied on the VE's answers to a series of hypothetical questions the ALJ posed to the VE during the hearing. (AR 23). The VE testified that a person with the RFC specified above could perform the jobs of small products assembler, cleaner/housekeeper, and sales attendant. (AR 43–44). The ALJ ultimately concluded Claimant was not disabled at any time after May 7, 2018, the alleged onset date. (AR 24).

Plaintiff sought review of this decision before the Appeals Council, which denied review on June 7, 2021. (AR 1–6). Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

///

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours a day, for five days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

### III.        LEGAL STANDARD

**A.        Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if [they are] unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work."

*Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.   DISCUSSION

Plaintiff asserts two claims of error: the ALJ failed to (1) comply with the remand order from the Appeals Council and (2) formulate an RFC supported by substantial evidence as the RFC is unsupported by any medical opinion. (*See* Doc. 18 at 4–9). The Commissioner counters that the ALJ (1) complied with Appeals Council's remand order and (2) adequately developed the record. (Doc. 22 at 3–8). The undersigned finds that the issue of ALJ's compliance with the Appeals Council's remand order is unreviewable but agrees with Plaintiff that the assessed RFC is not supported by substantial evidence.

### A.   The ALJ's Compliance with the Appeals Council's Remand Order

"It is well settled that federal courts only have jurisdiction to review the final decisions of administrative agencies." *Caravia-Moroianu v. Berryhill*, No. CV 16–01848–RAO, 2018 WL 1187502, at *1 (C.D. Cal. Mar. 6, 2018) (citing 42 U.S.C. § 405(g)); *see also Alacar v. Comm'r of Soc. Sec.*, No. 2:22-CV-149-TLN-KJN, 2022 WL 17418356, at *3–4 (E.D. Cal. Dec. 5, 2022) (Title 42 U.S.C. § 405(g) "requires the court's review to be of the final decision of the Commissioner." (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993))).

Where, as here, the Appeals Council denied Plaintiff's request for review of the ALJ's subsequent decision, (AR 851–56), thereby declining to act on the ALJ's alleged non-compliance with the remand order, the ALJ's subsequent decision became the Commissioner's final decision. *Megyesi v. Saul*, 773 F. App'x 914, 914 (9th Cir. 2019) (citing *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018)). In the unpublished decision *Tyler v. Astrue*, the Ninth Circuit held that

> [t]he district court properly declined to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand. The law of the case doctrine does not apply because the Appeals Council remanded to the ALJ to make further findings; it did not decide any issues of fact or law itself. Additionally, federal courts only have jurisdiction to review the final decisions of administrative agencies. *See* 42 U.S.C. § 405(g). When the Appeals Council denied review of the ALJ's second decision, it made that decision final, *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993), and declined to find that the ALJ had not complied with its remand instructions.

305 Fed. App'x 331, 332 (9th Cir. 2008). *Tyler* has been followed by Ninth Circuit district courts, including this one, in rejecting review of an ALJ's compliance with a remand order of the Appeals Council. *See Alacar*, 2022 WL 17418356, at *3–4 (declining to review the ALJ's alleged failure to

follow the Appeals Council's instructions); *Parker v. Saul*, No. 20CV2530-BLM, 2022 WL 4798162, at *9–10 (S.D. Cal. Sept. 30, 2022) ("[R]emand due to the ALJ's alleged failure to comply with the Appeals Council order is not warranted or appropriate."); *Pamela E. v. Saul*, No. 4:19-CV-00004-SLG, 2019 WL 6257728, at *12 (D. Alaska Nov. 22, 2019) ("This Court declines to evaluate whether the ALJ's second decision complied with the remand order of the Appeals Council."); *Pierce v. Saul*, No. 1:17-CV-00380-REB, 2019 WL 4696402, at *4 (D. Idaho Sept. 26, 2019) ("[T]he Court agrees that Petitioner cannot prevail on a challenge that the ALJ committed reversible legal error by failing to comply with the Appeals Council's order of remand, and it will therefore not consider arguments in this vein."); *McGowan v. Berryhill*, No. 5:16–CV–00923 (VEB), 2017 WL 4712782, at *4 (C.D. Cal. Oct. 19, 2017) (finding the court only had jurisdiction to review the Commissioner's final decision and the "alleged non-compliance with an Appeals Council's remand order [was] not reviewable by the federal courts"); *Webber v. Berryhill*, No. 2:15-CV-00295-MKD, 2017 WL 722593, at *3 (E.D. Wash. Feb. 23, 2017) ("The Court does not have jurisdiction to consider whether the ALJ properly followed the directions of the Appeals Council on remand."); *Crooks v. Astrue*, No. 09-CV-1448-BR, 2011 WL 672556, at *3–4 (D. Or. Feb. 15, 2011) ("The Court concludes it lacks jurisdiction to review the ALJ's compliance with the Appeals Council's last remand."); *cf. Megyesi*, 773 F. App'x at 914 ("We lack jurisdiction to review [plaintiff's] argument that the [ALJ] failed to comply with particular aspects of the Appeals Council's remand order.").

In view of the foregoing, the undersigned recommends that the Court "decline[] to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand," as such matter is unreviewable by this Court. *Tyler*, 305 Fed. App'x at 332.

**B.    Plaintiff's RFC**

　　　　　1.    Legal Standards

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony. 20 C.F.R. § 404.1545(a)(1)–(3); *Shafer v. Barnhart*, 120 F. Appx. 688, 698 (9th Cir. 2005). A determination of RFC is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner. 20 C.F.R. §§ 414.927(d)(2) (RFC is not a medical opinion),

414.946(c) (identifying the ALJ as responsible for determining RFC).  And that legal determination necessarily involves engaging in credibility determinations, resolving conflicts in medical testimony, and resolving evidentiary ambiguities, *see Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995)—such that an ALJ's RFC determination need not necessarily mirror any particular provider's opinion, *see*, *e.g.*, *Petrini v. Berryhill*, 705 F. App'x. 511, 512 (9th Cir. 2017).

However, an ALJ may not engage in their "own exploration and assessment" of Plaintiff's functional limitations.  *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *see also E. B. v. Kijakazi*, 2022 WL 4595062, at *9 (S.D. Cal. Sept. 30, 2022) (finding ALJ's RFC determination was not supported by substantial evidence where ALJ found almost all medical sources who issued a medical opinion "not persuasive" and independently interpreted raw medical data that did "not obviously translate into functional limitations"); *Temple v. Saul*, 2020 WL 13912521, at *7 (C.D. Cal. Oct. 21, 2020) (finding ALJ's RFC determination was not supported by substantial evidence where "no treating or examining physician provided an assessment of [p]laintiff's physical functional capacity" and the treatment records did not provide sufficient indications of functional limitations); *Duarte v. Saul*, 2020 WL 5257597, at *5 (E.D. Cal. Sept. 3, 2020) ("Barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decision.").

### 2.    Analysis

Plaintiff argues that the ALJ erred in formulating his RFC because the ALJ made an independent evaluation of Claimant's functional limitations. (Doc. 18 at 7–9).  Specifically, Plaintiff contends that because the record reflected no medical opinion as to Claimant's functional limitations, the Commissioner's duty to develop the record was triggered.  (*Id.*).  The Commissioner contends that (1) there was sufficient evidence in the record to evaluate Claimant's functional limitations and the ALJ was permitted to draw logical inferences from the medical evidence in formulating the RFC and that (2) to accept Claimant's argument would impermissibly shift the burden of establishing disability to the Commissioner. (Doc. 22 at 3–5).   The undersigned disagrees with the Commissioner.

Here, the ALJ found that Claimant was able to perform light work except that he was unable

to understand, remember, and carry out only simple instructions that could have been learned in 30 days or less and that he was able to sustain concentration, persistence, and pace to those simple instructions for two-hour intervals with normal breaks.  (AR 909).

As to Claimant's physical and mental impairments, there are no opinions in the record from treating or examining physicians related to Claimant's functional limitations.  Nor are there records from consultative examiners who could have reviewed the existing records and opined on Claimant's functional limitations.  Therefore, the ALJ's RFC determination was solely based on their own interpretation of Plaintiff's testimony and the medical evidence.  Without relying on any medical opinion regarding what work-related restrictions would be appropriate, the ALJ added limitations to the RFC and concluded these limitations were sufficient to address Claimant's impairments.

But it is well-settled that an ALJ may not render their own medical opinion and is not empowered to independently assess clinical findings.  Indeed, Ninth Circuit courts have found that "[b]arring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Bradford v. Comm'r of Soc. Sec. Admin.*, No. CV2100232TUCSHRJR, 2022 WL 4538569, at *5 (D. Ariz. Aug. 18, 2022), *report and recommendation adopted*, No. CV2100232TUCSHRJR, 2022 WL 4535239 (D. Ariz. Sept. 28, 2022) (quoting *Howell v. Kijakazi*, No. 20-CV-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022)); *see also Walker v. Comm'r of Soc. Sec.*, Case No. 2:22-cv-01871-EJY, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error." (quoting *Holtan v. Kijakazi*, 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023))); *De Gutierrez v. Saul*, No. 1:19-cv-00463-BAM, 2020 WL 5701019, at *6 (E.D. Cal. Sept. 24, 2020) ("Without a medical opinion to support the conclusion that Plaintiff was able to perform" a certain level of work, lift and carry certain weight, or sit, stand or walk for certain periods of time, "the ALJ's RFC lacks the support of substantial evidence."); *Goolsby v. Berryhill*, Case No. 1:15–cv–00615–JLT, 2017 WL 1090162, at *8 (E.D. Cal. Mar. 22, 2017) (finding that an ALJ erred in including "simple routine tasks" in RFC when the record did not contain medical opinions supporting this limitation); *Shipp v. Colvin*, No.

CV 13-9468 JC, 2014 WL 4829035, at \*7 (C.D. Cal. Sept. 26, 2014) ("Since . . . the record contains no assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments on her ability to function, it appears that the ALJ's physical residual functional capacity assessment was erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other raw medical evidence in the record."); *see also*, *e.g.*, *Tackett*, 180 F.3d at 1102–03 (holding an ALJ erred in rejecting physicians' opinions and rendering his own medical opinion); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings"); *Miller v. Astrue*, 695 F. Supp. 2d 1042, 1048 (C.D. Cal. 2010) (reasoning that it is improper for the ALJ to act as the medical expert); *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (opining that an ALJ is not qualified to extrapolate functional limitations from raw medical data).

Here, the ALJ did not simply synthesize all the medical evidence to reach an RFC determination.  Instead, without any medical opinion in the record as to Claimant's functional limitations, the RFC determination was based solely on treatment notes, test results, and agency consultant's findings that included no findings as to Claimant's functional limitations and Plaintiff's testimony. (*See* AR 868–74).  And Claimant's medical records did not provide sufficient indications of Claimant's functional limitations and were unclear as to their impact on Claimant's ability to work.  Thus, the ALJ apparently improperly formulated an RFC based on their own interpretation of the medical evidence.  The undersigned finds that the underlying treatment and medical records are the kinds of "raw," *Shipp*, 2014 WL 4829035, at \*7, and "ambiguous" evidence that themselves do not provide sufficient indications of Claimant's functional limitations and therefore, the ALJ was not qualified to the translate evidence into functional limitations and engage in its "own exploration and assessment" of a claimants impairments taken together.  *McAnally v. Berryhill*, No.: 3:18-cv-02272-GPC-RNB, 2020 WL 1443734, at \*7 (S.D. Cal. Mar. 25, 2020) (quoting *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).  The undersigned finds that the ALJ was not qualified to translate the raw medical records into functional limitations and engage in their "own exploration and assessment" of Claimant's impairments. *See McAnally*, 2020 WL 1443734, at \*7 (quoting *Day*

*v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).  Without a medical opinion to support the ALJ's assessment of Claimant's RFC, the RFC lacks the support of substantial evidence.  *See Perez v. Sec'y of Health & Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991) ("where an ALJ reaches conclusions about claimant's . . .capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence"); *Goolsby*, 2017 WL 1090162, at *8 (finding that an ALJ erred in including "simple routine tasks" in RFC when the record did not contain medical opinions supporting this limitation); *Shipp*, 2014 WL 4829035, at *7.

Accordingly, the undersigned finds that the ALJ erred in evaluating Claimant's RFC without further developing the record to include medical opinions as to Claimant's functional limitations. *See Ford*, 950 F.3d at 1156; *Slate v. O'Malley*, No. 1:23-CV-00092-SKO, 2024 WL 967661, at *7 (E.D. Cal. Mar. 6, 2024) ("Because the record contained no medical opinion interpreting the functional limitations resulting from Plaintiff's musculoskeletal impairments, the ALJ's duty to further develop the record was triggered, warranting either a consultative examination or medical expert opinion by a physician who had access to Plaintiff's medical records."); *Breazell v. Comm'r of Soc. Sec.*, No. 1:24-CV-01592-KES-EPG, 2025 WL 2962451, at *3 (E.D. Cal. Oct. 21, 2025), *report and recommendation adopted*, No. 1:24-CV-01592-EPG, 2026 WL 936906 (E.D. Cal. Apr. 7, 2026) ("The Court finds that the interpretation of this evidence exceeded the ALJ's lay expertise and required a medical opinion to interpret and assess work limitations for the RFC. As the ALJ noted, these records supported Plaintiff's claim that she suffered from a medically determinable impairment.  However, they did not clearly indicate what work limitations resulted from those impairments.  Because the ALJ lacked the medical expertise to determine those work limitations from this medical evidence, the ALJ had a duty to develop the record and obtain a medical opinion."); *Angel P. v. Dudek*, No. 2:24-CV-348-EFS, 2025 WL 621436, at *7 (E.D. Wash. Feb. 26, 2025) ("This is a record that clearly establishes severe impairments but is ambiguous as to Plaintiff's resulting functional limitations.  Without a medical opinion, the current record is inadequate to allow for proper formulation of an RFC.").[5]

---

[5] The Commissioner implies that because Plaintiff is deceased, it would be impossible to fulfil any duty to develop the record.  (Doc. 22 at 4).  Not so.  The ALJ could have obtained a medical opinion as to Plaintiff's functional limitations from a medical source based on a review of Plaintiff's medical records.  *See Slate*, 2024 WL 967661, at *7 ("Because

For the aforementioned reasons, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

**C.      Harmlessness Review**

The undersigned must now consider whether the ALJ's error was harmless.  *Molina*, 674 F.3d at 1115.  Courts look to the record as a whole to determine whether the error alters the outcome of the case.  *Id.*; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).  An error is harmless "where it is inconsequential to the ultimate nondisability determination."  *Molina*, 674 F.3d at 1115 (citations omitted) (first quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), and then quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).

Here, the undersigned cannot find that the ALJ's error was harmless.  The ALJ determined Claimant's RFC without a medical opinion that defined Claimant's limitations and the ALJ's specific determinations regarding Claimant's functional limitations lacked the support of substantial evidence.  The undersigned cannot confidently conclude that the RFC assessment would have been the same absent this error.  *See Karen E. v. Berryhill*, 2019 WL 1405835, at *4–5 (C.D. Cal. Mar. 27, 2019) (remanding where ALJ assessed RFC without the benefit of any physician opinion regarding the limitations, so for the ALJ to assess RFC required him to act "as his own medical expert and translate the data himself, something he was not qualified to do"); *Kohlbatz v. Berryhill*, 2018 WL 2059645, at *4–5 (C.D. Cal. Apr. 30, 2018) (remanding where ALJ erred by basing RFC on ALJ's own lay interpretation of the medical record, and such RFC is not supported by substantial evidence); *Zazueta v. Colvin*, 2014 WL 4854575, at *5 (C.D. Cal. Sept. 29, 2014) (remanding where ALJ rejected only medical opinion regarding functional limitations, then assessed plaintiff's RFC on ALJ's own lay interpretation of medical records, so the RFC assessment was not supported by substantial evidence); *A.S. v. O'Malley*, No. 1:24-CV-00127-DKG, 2024 WL 4851214, at *5 (D. Idaho Nov. 21, 2024) (finding harmful error where the ALJ relied on her own interpretation of the medical records without any medical opinion of Plaintiff's physical functioning in formulating the RFC).  In particular, because the record "[did] not support the assumptions in the hypothetical[s]"

the record contained no medical opinion interpreting the functional limitations resulting from Plaintiff's . . . impairments, the ALJ's duty to further develop the record was triggered, warranting either a consultative examination or medical expert opinion by a physician who had access to Plaintiff's medical records.").

posed to the VE, the hypotheticals were incomplete and therefore, the "vocational expert's opinion [had] no evidentiary value." *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001).[6]  Thus, the undersigned finds that the error was not "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115.

**D.     Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits.  Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the undersigned finds that remand for further proceedings is warranted.  *See de Gutierrez*, 2020 WL 5701019, at *6.  On remand, the Commissioner shall reevaluate and develop the record in order to assess an RFC supported by substantial evidence.

**V.     CONCLUSION AND ORDER**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.     Plaintiff's motion for summary judgment, (Doc. 18), be GRANTED;

2.     This matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

3.     The Clerk of the Court be DIRECTED to enter judgment in favor of Plaintiff Eva Ochoa and against Defendant Frank Bisignano, Commissioner of Social Security, and to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

---

[6] This is not to say that the disability determination will or should be different regarding the period at issue--only that the undersigned cannot determine the outcome would remain the same upon a correct evaluation of the record.

The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE