**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVA OCHOA on behalf of JOSE YANEZ,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security[1],<br><br>Defendant. | Case No. 1:25-cv-0509 JLT EGC<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S APPEAL, DENYING DEFENDANT'S REQUEST TO AFFIRM, AND REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT<br><br>(Docs. 18, 22, 27) |

Eva Ochoa seeks judicial review of an administrative decision denying the applications for disability insurance benefits and supplemental security income submitted by her deceased husband, Jose Yanez Jr. ("Claimant"). (Docs. 1, 18.) Plaintiff asserted the ALJ "failed to comply with the remand order from the Appeals Council" and the residual functional capacity identified by the ALJ was not supported by substantial evidence. (*See* Doc. 18 at 3.) The Commissioner argued the ALJ complied with the remand order and substantial evidence supported the ALJ's conclusion that Claimant was not disabled. (Doc. 22.)

The magistrate judge found "the issue of the ALJ's compliance with the Appeals

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.

1

Council's remand order is unreviewable" and recommended the Court "decline to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand." (Doc. 27 at 7, quoting *Tyler v. Astrue*, 305 Fed. App'x 331, 332 (9th Cir. 2008) [modification adopted].)  However, the magistrate judge found the ALJ erred in evaluating Claimant's RFC because "there are no opinions in the record from treating or examining physicians related to Claimant's functional limitations." (*Id.* at 9.)  The magistrate judge also found there were not any "consultative examiners who … reviewed the existing records and opined on Claimant's functional limitations." (*Id.*)  As a result, the magistrate judge determined that the ALJ "improperly formulated an RFC based on their own interpretation of the medical evidence." (*Id.* at 10.)  The magistrate judge found the RFC was not supported by substantial evidence and recommended the Court grant Plaintiff's motion and remand the matter for further proceedings. (*See id.* at 11-13.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days.  (Doc. 27 at 13.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 14, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Neither party filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1.  The Findings and Recommendations dated June 8, 2026 (Doc. 27) are **ADOPTED** in full.

2.  Plaintiff's motion for summary judgment (Doc. 18) is **GRANTED**.

3.  Defendant's request to affirm the administrative decision (Doc. 22) is **DENIED**.

4.  The matter is REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

///

///

5.    The Clerk of Court is directed to terminate pending motions; enter judgment in favor of Plaintiff Eva Ochoa and against Defendant Frank Bisignano, Commissioner of Social Security; and to close this case.

IT IS SO ORDERED.

Dated:  July 10, 2026

UNITED STATES DISTRICT JUDGE

3